IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSA ZUBIA, *et al.*,

    Plaintiffs,

v.                                                      CIV No. 14-380 JCH/GBW

DENVER CITY, *et al.*,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on the Motion to Stay by Defendants Dominguez, Phillips, and Jimenez. *Doc. 56*. The Court, having reviewed the Motion and noting that no response was filed, finds it well-taken and will GRANT it.

**I.     BACKGROUND**

On April 24, 2014, Plaintiffs failed a complaint raising claims under the United States Constitution and the Constitution of the State of New Mexico, as well as tort claims under New Mexico state law. *See generally* doc. 1. Plaintiffs' claims arise from the shooting and resulting death of Amy Reyna on October 27, 2013, following a high-speed pursuit by law enforcement.

On September 22, 2014, Defendants Dominguez, Phillips, and Jimenez filed a motion for summary judgment based on qualified immunity. *Doc. 55*. Defendants Dominguez, Phillips, and Jimenez also filed a contemporaneous Motion to Stay proceedings "until such time as the Court rules on their motion for summary judgment

. . . ." *Doc. 56*.  The remaining Defendants do not oppose the Motion to Stay, and Plaintiffs did not file a response.

## II.     STANDARD OF REVIEW

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).  The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue of qualified immunity before discovery, if at all possible. *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).  As a consequence, the Tenth Circuit has held that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).  Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for

all defendants should generally be stayed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009). Finally, the qualified immunity defense may be asserted at various stages in the litigation process. *See Robbins v. Wilkie*, 433 F.3d 755, 762-63 (10th Cir. 2006), *rev'd on other grounds*, 549 U.S. 1075 (2006) (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)) (noting Supreme Court's holding that qualified immunity may be raised at multiple stages because "different legal factors are relevant at various stages").

### III.   ANALYSIS

Upon review of the briefing in this matter, the Court finds that a stay is appropriate. Defendants Dominguez, Phillips, and Jimenez have raised a qualified immunity defense, and this case should therefore follow the general rule that, once a defendant files a motion asserting the defense of qualified immunity, discovery for all defendants should be stayed.

Additionally, Plaintiffs did not respond, timely or otherwise, to the Motion to Stay. Such failure constitutes consent to grant the motion. *See* D.N.M.LR-Civ-7.1(b).

### IV.   CONCLUSION

For the foregoing reasons, the Motion to Stay, *doc. 56*, is GRANTED, and this case is hereby STAYED pending the Court's disposition of the motion for summary judgment (*doc. 55*).

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE