## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ROSA ZUBIA, et al.,**

        **Plaintiffs,**

**vs.**                                                                 **Civ. No.  14-0380 JH/GBW**

**DENVER CITY, a political**
**subdivision of the State of**
**Texas, et al.,**

        **Defendants.**


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Arnoldo Reyna's motion to intervene [Doc. 83], which he originally filed as an "amended petition" in *Reyna v. Zubia*, 15cv963 JH/GBW. As Mr. Reyna is *pro se*, the Court construed the document as a motion to intervene and filed it as Doc. 83 in this case. Plaintiff Rosa Zubia filed a response [Doc. 86] opposing the motion. However, no defendant has filed a response, and Mr. Reyna filed no reply. After reviewing the motion and the response, the Court concludes that the motion to intervene should be granted in part as to his loss of consortium claim only.

## BACKGROUND FACTS

This case arises from the death of Amy Reyna, who was shot and killed by police after a high speed chase that began in Texas and ended in New Mexico. Plaintiff Rosa Zubia is the natural mother of decedent Amy Reyna, and Mr. Reyna is her natural father. In this wrongful death case, Ms. Zubia brings claims against the defendants as Amy Reyna's "surviving parent, best friend and statutory beneficiary" of Amy Reyna; as "proposed personal representative" of

Amy Reyna's wrongful death estate; and on behalf of Amy Reyna's minor children. *See Second Amended Complaint*, Doc. 42. Ms. Zubia asserts claims for violation of Amy Reyna's constitutional rights, as well as for common law torts allegedly committed against her. *Id*. Ms. Zubia also sues for damages for loss of consortium on behalf of herself and Amy Reyna's children. *Id*.

The "Amended Petition on the Wrongful Death Estate of Amy Reyna" filed by Mr. Reyna in 15cv963, and interpreted to be a motion to intervene in this case, is an almost exact facsimile of the Amended Complaint [Doc. 3] filed by Ms. Zubia in this case. Nearly word for word, it alleges the same facts and sets forth the same causes of action.

## LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure allows a party to intervene in a lawsuit either through his own right, or by permission of the court. Intervention of right occurs when a statute of the United States grants an unconditional right to intervene, Fed. R. Civ. Pro. 24(a)(1), or when the applicant claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest." Fed. R. Civ. Pro. 24(a)(2). "The Tenth Circuit summarizes the requirements for intervention as a matter of right as: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded by disposition of the action; and (4) the applicant's interest is not adequately represented by existing parties." *United States v. Albert Inv. Co., Inc*., 585 F.3d 1386, 1391 (10th Cir. 2009) (citing *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001)) (internal quotations omitted)

A would-be intervenor who does not meet the test of subdivision (a) of Rule 24 may be permitted to intervene under subdivision (b)(1)(A) if he has a conditional right to intervene by federal statute, or under (b)(1)(B) if the applicant has a claim or defense that shares a common question of law or fact with the main action.

## **DISCUSSION**

The Court turns first to the question of whether Mr. Reyna may intervene as of right in this case. Under Rule 24(a)(1), the Court must permit intervention if Mr. Reyna has an unconditional right to intervene under a federal statute. The Court is aware of no such federal statute granting him that right in this case. He attempts to bring claims under 42 U.S.C. § 1983 for violation of his deceased adult daughter's constitutional rights, but the Court knows of nothing in the statute that grants Mr. Reyna the unconditional right to intervene when those rights are already being pursued by the other parent. The same is true of the state law tort claims against Defendants—the Court is unaware of any federal statute granting Mr. Reyna an unconditional right to intervene in those claims.

Next, the Court turns to Rule 24(a)(2), which permits intervention if Mr. Reyna shows that he has an interest in the "transaction," and that as a practical matter he is not in a position to protect that interest unless he is permitted to intervene. Here, the Court repeats what it has previously noted in this case: that monetary damages resulting from claims for the alleged wrongs done to Amy Reyna (for example, violation of her constitutional rights, negligence, battery) will accrue to her wrongful death estate. The New Mexico wrongful death statute provides that a surviving parent such as Mr. Reyna cannot share in the proceeds of recovery for wrongful death unless the decedent has no surviving spouse or child. *See* NMSA 1978, § 41-2-3(D). Here, because Amy Reyna has surviving children, Mr. Reyna cannot recover any part of

his daughter's wrongful death estate and therefore has no interest therein. Furthermore, Ms. Zubia is pursuing the rights of the wrongful death estate in this case, and Mr. Reyna does not argue (and nor is there any evidence) that she is doing an adequate job in that capacity.

However, Mr. Reyna does have an interest in a claim that he brings for his own loss—his claim for loss of consortium. Any damages that Mr. Reyna might be entitled to for loss of consortium would accrue to him directly, and not to the wrongful death estate. Furthermore, it does not appear that the current Plaintiffs would adequately represent Mr. Reyna's interest in his loss of consortium claim, as they oppose his motion to intervene on the grounds that he was an absentee father, and public policy does not support his recovery for damages for his daughter's death. However, this argument is a substantive defense to the loss of consortium claim. It is not a reason to prohibit Mr. Reyna from intervening to pursue his loss of consortium claim in the first instance. Of course, in order to recover any damages, Mr. Reyna will have to prove his claim under New Mexico law.[1] But that is an issue for another day.

---

[1] A loss-of-consortium claimant must demonstrate two elements in order to recover damages. *See Fitzjerrell v. City of Gallup*, 2003-NMCA-125, ¶ 14, 134 N.M. 492 (Ct. App. 2003). The first element is that the claimant and the injured party shared a sufficiently close relationship. *Id*. In *Lozoya v. Sanchez*, the New Mexico Supreme Court held that the following factors were relevant in determining whether the claimant and injured party shared such a close relationship:

> the duration of the relationship, the degree of mutual dependence, the extent of common contributions to a life together, the extent and quality of shared experience, and ... whether the plaintiff and the injured person were members of the same household, their emotional reliance on each other, the particulars of their day to day relationship, and the manner in which they related to each other in attending to life's mundane requirements.

2003-NMSC-009, ¶ 27, 133 N.M. 579 (2003) (quoting *Dunphy v. Gregor*, 136 N.J. 99, 642 A.2d 372, 378 (1994)). The second element is a duty of care. *Lozoya*, 2003-NMSC-009, ¶ 15, 133 N.M. 579. The tortfeasor owes a duty of care to the claimant where it is foreseeable that the harm inflicted upon the injured party would damage the relationship between the injured party and the claimant. *Id*.

Therefore, under Rule 24(a)(2), the Court will permit Mr. Reyna to intervene in this case to pursue his claim for loss of consortium only. He may not pursue any other claim. The Court reminds Mr. Reyna that despite his *pro se* status, he is obligated to adhere to the Federal Rules of Civil Procedure.

In addition, the Court feels that it must clarify a point made in its earlier Memorandum Opinions and Orders regarding Ms. Zubia. Although the Court correctly stated that under the New Mexico wrongful death statute Ms. Zubia could not recover on her own behalf, the language of the Court's opinions may have suggested that <u>all</u> of Ms. Zubia's claims were dismissed such that she was not entitled to recover for loss of consortium. For the same reason that Mr. Reyna might be entitled to recover for loss of consortium, so too may Ms. Zubia. None of the motions before the Court have addressed that claim, and the Court does not reach it here. Ms. Zubia's loss of consortium claim (Count X) remains pending.

**IT IS THEREFORE ORDERED** that Arnoldo Reyna's motion to intervene [Doc. 83] is **GRANTED IN PART** as to his claim for loss of consortium only. As a matter of clarification, Rosa Zubia's and the minor children's claims for loss of consortium remain pending as well.

**UNITED STATES DISTRICT JUDGE**

5