**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROSA ZUBIA, *et al.*,

      Plaintiffs,

v.                                    Case No. 14-cv-380 JCH/GBW

DENVER CITY, a political
subdivision of the State of Texas,  *et al.*,

      Defendants.

**<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

The parties seek the Court's approval of the settlement agreement negotiated on behalf of minor children H.H., H.M., and H.I.  *See docs. 138, 139, 145.*  I reviewed the Report of the Guardian ad Litem and the Supplemental Report of the Guardian ad Litem ("the Reports"), and held a Fairness Hearing on January 17, 2017.  *See docs. 142, 143, 144, 146.*  For the reasons explained below, I conclude that the settlement is fair and recommend that the Court approve the settlement as proposed.

In addition to the three minors, the Plaintiffs in the case include two adults.  Rosa Zubia has sued Defendants as surviving parent, best friend and statutory beneficiary of her own and as Proposed Personal Representative of the Wrongful Death Estate of Amy Reyna; and on behalf of the minor children, H.H., H.M., and H.L.  Therefore, she brought claims on her own behalf and on behalf of the minor children.  Arnoldo Reyna was permitted to intervene in this matter to assert a loss of consortium claim on his own behalf.  *See doc. 95.*  As part of the settlement, neither adult receives any portion of the

proceeds, but nonetheless agrees to dismiss any individual claim they may have.
Consequently, while all claims have been settled, all settlement proceeds will be
distributed to the minors as described in the Reports.

This case arises out of the fatal shooting of Amy Reyna by Ryan Taylor, an officer
of the Denver City Police Department, on October 27, 2013, after an extended high
speed chase.  The Reports summarize the facts of the case and the parties' motion
practice further detail the disputed and undisputed facts.  *See docs. 34, 35, 37, 43, 44, 46,
47, 48, 49, 57, 58, 59, 60, 66, 68, 69, 71, 100, 104, 111, 112, 118, 119.*  Given this
comprehensive documentation within the record, it is unnecessary to repeat the factual
background here.  The Reports also detail the settlement amounts and disbursement
mechanism agreed to by the parties.

New Mexico does not have a statute or rule "governing settlements of claims on
behalf of minors."  *Shelton v. Sloan*, 127 N.M. 92, 100 (Ct. App. 1999).  Under New
Mexico common law, however, "[a] trial court in an action involving minor children has
a special obligation to see that they are properly represented, not only by their own
representatives, but also by the court itself."  *Garcia v. Middle Rio Grande Conservancy
Dist.*, 99 N.M. 802, 808 (Ct.App.1983) (overruled on other grounds by *Montoya v. AKAL
Sec.*, 114 N.M. 354, 357 (1992)) (citations omitted); see also *Bonds v. Joplin's Heirs*, 328
P.2d 597, 598-99 (N.M. 1958) ("[A] minor in court is represented not only by the
guardian ad litem, but by the court itself.").  "In passing upon settlements dealing with
claims or rights of minors, the court must determine whether the approval of a

compromise would be in the best interests and welfare of the minor child." *Id*. (citing

United States v. Reilly, 385 F.2d 225 (10th Cir.1967)).  A court is required to reject a

settlement "[w]hen a settlement involving a minor is presented to a court for approval

and the information before the court indicates that the settlement is not fair to the

minor...." *Shelton*, 127 N.M. at 100.  "The court's role in reviewing a settlement is to

'represent' the minor." *Id*.  (quoting *Bonds*, 64 N.M. at 344).  When reviewing the

fairness of the settlement, the five-factor test set out in *Jones v. Nuclear Pharmacy, Inc.*,

741 F.2d 322 (10th Cir. 1984) provides a useful structure.  These factors are: "(1) whether

the proposed settlement was fairly and honestly negotiated; (2) whether the serious

questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future

relief after protracted and expensive litigation; (4) the judgment of the parties that the

settlement is fair and reasonable;" and (5) whether the settlement is in the best interests

of the minor.  *Id.* at 324.

   The undersigned personally conducted the settlement conference in this case and

spent several hours with the parties.  Having been personally present and involved in

the settlement negotiations, I find that the proposed settlement agreement was honestly

and fairly negotiated at the settlement conference I held on October 4, 2016.

   Though the Court has ruled on several dispositive motions in this case, there

remain pending motions to dismiss and for summary judgment.  *See docs. 100, 104.*  As

noted in the Reports, the outcome of this litigation is uncertain.  Accordingly, I find that

there are disputed issues of fact and law which would require substantial additional discovery, extensive motion practice, and place the outcome of the litigation in question.

This case has been pending for over two years, and arises from incidents occurring over three years ago.  While all litigation is time-consuming and can seem "protracted," that reality is particularly acute here.  The legal issues which would significantly impact the likelihood of success for Plaintiffs are complex and unsettled.  Given their significance and that they highlight conflicts between federal circuits, it is quite possible the case could reach the United States Supreme Court.  Obviously, such a course would be both protracted and expensive.  Moreover, even prevailing on the legal issues would not guarantee success for the minor plaintiffs on the factual issues.  Moreover, particularly with the oldest of the minors, a delay in recovery would dramatically reduce the practical benefit it could have on her life.  Consequently, it is clear that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.

In addition to counsel and the undersigned, the Court-appointed guardian *ad litem*, Michael Newell considers the settlement fair and reasonable.  *See docs. 133, 142, 143*.  He came to this conclusion independently and after a thorough investigation.  Having reviewed his Reports and considered his testimony at the hearing, the undersigned finds his opinion well-founded.

The agreement divides the proceeds among the minors equally. Importantly, the proceeds will be invested in annuities which will preserve the corpus while allowing the money to earn interest without unreasonable exposure to market conditions. I believe this mechanism to be in the best interests of the minors. Moreover, I determine that the attorney's fees and costs claimed were both reasonable and necessary for the effective representation of the minors.

For all these reasons, I find that the settlement proposed by the parties disposing of the minor children's claims is fair and reasonable in its effect. Having evaluated the proposed settlement agreement, other circumstances in the case, and the status of this litigation, I find that the proposed settlement agreement is in the best interests of each minor child. Therefore, I recommend that the Court GRANT the Joint Motion to Approve Settlement (*doc. 145*) and approve the proposed settlement agreement.

Ordinarily, the parties would have 14-days within which to file objections to these Proposed Findings and Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1). However, all parties, through counsel, affirmatively waived this time period to expedite approval, if deemed appropriate by the Court. Consequently, the Court may rule on whether to adopt this PFRD any time after its filing.

GREGORY B. WORMUTH
United States Magistrate Judge